# RIVERO MESTRE

December 12, 2022

**VIA ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *MSP Recovery Claims Series 44, LLC, and MSP Recovery Claims, Series LLC, v. Pfizer Inc.*, Case No. 1:22-cv-09837-NRB

Dear Judge Cote:

    In accordance with the Court's December 6, 2022 Order [D.E. 31], we write on behalf of MSP Recovery Claims Series 44, LLC, and MSP Recovery Claims, Series LLC (collectively, "MSPRC"), to identify "any other proceedings relevant to the disposition of" the above-referenced case (the "MSPRC Action") and to address "whether this case should be stayed." D.E. 31. As will be shown further below, there are fifteen related proceedings, all of which are subject to a 28 U.S.C. § 1407 motion to transfer before the Judicial Panel on Multi District Litigation (the "JMPL"). The MSPRC Action is currently stayed, and MSPRC respectfully requests that the Court keep this action stayed until the JMPL issues its order on the motion to transfer.

    The MSPRC Action is based on Pfizer's manufacture and sale of Chantix that was tainted with NDMA, a known carcinogen. D.E. 1, Complaint at ¶ 1, 10. To date, there are fifteen related lawsuits that are based on that same contamination (the "Related Actions"):

1. *Edwards v. Pfizer, Inc.* No. 2:21-cv-4275 (E.D. Pa.)
2. *Seeley v. Pfizer, Inc.*, No. 3:21-cv-07892 (N.D. Cal.)
3. *Duff v. Pfizer, Inc.*, No. 2:21-cv-1350 (W.D. Pa.)
4. *Abreu v. Pfizer, Inc.* No. 0:21-cv-62122 (S.D.N.Y.)
5. *Evans v. Pfizer, Inc.*, No. 3:21-cv-01263 (S.D. Ill.)
6. *Houghton v. Pfizer, Inc.*, No. 1:21-cv-23987 (S.D. Fla.)
7. *Spence et al. v. Pfizer, Inc.*, No. 1:21-cv-06324 (N.D. Ill.)
8. *County of Monmouth v. Pfizer, Inc.*, No. 3:22-cv-2050 (D.N.J.)
9. *Baptiste v. Pfizer, Inc.*, No. 2:22-cv-03647 (E.D. Pa)
10. *Lima v. Pfizer, Inc.*, No. 22-cv-02243 (D. Minn)
11. *LaMotte v. Pfizer, Inc.*, No. 22-cv-02325 (D. Minn)
12. *Walter v. Pfizer, Inc.*, No. 3:2022-cv-1708 (D. Or)
13. *Ellis v. Pfizer, Inc.*, No. 1:22-cv-11876 (D. Mass)
14. *Bleeker v. Pfizer, Inc.*, No. 2:22-cv-0277 (E.D. Wash.)
15. *Fish v. Pfizer, Inc.*, No. 2:22-cv-0278 (E.D. Wash.)




There is a high risk that litigating the cases in separate jurisdictions will result in inconsistent rulings because the Related Actions rely on the same underlying facts and conduct. Unsurprisingly, one of the plaintiffs in the Related Actions filed a motion to transfer the Related Actions to the district of New Jersey for coordinated proceedings (the "Transfer Motion"). *In Re: Chantix (Varenicline) Mktg, Sales Practices, and Prod. Liab. Litig*, MDL No. 3050, D.E. 1-1. The twelve plaintiffs that participated in the Transfer Motion briefing support consolidation and asked the JPML to either transfer the Related Actions to the District of New Jersey, the Southern District of Florida, or the District of Minnesota. *See Id.* at D.E. 24, 25, 26, 27, 31, 32, 33, 37, and 46. The Transfer Motion has been fully briefed since September 29, 2022. On December 1, 2022, the JPML panel held a hearing on the Transfer Motion, and the parties await its ruling.

The MSPRC Action has been stayed since March of 2022, pending the determination of a singular forum for all Related Actions. D.E. 10, Joint Motion to Stay Proceedings at 1; D.E. 16, Paperless Order Granting Joint Motion to Stay Proceedings. MSPRC asks the Court to keep the stay in place until the JMPL issues its ruling, which will conclusively determine the forum in which the MSPRC Action will be litigated.

The MSPRC Action is still in its infancy. Defendants have yet to file a responsive pleading, and the parties have yet to participate in a Rule 26(f) conference or submit a joint scheduling report. It would be an inefficient use of resources to now engage in motion practice in front of the Court when the JPML's decision on consolidation and transfer is imminent.[1] *Gray v. Target Corp.*, 2014 WL 12600138, at *2 (S.D. Fla. 2014) ("[I]t would be a waste of judicial resources to proceed with the instant matter when the JPML is considering the consolidation."); *Dean v. Novartis Pharms. Corp.*, No. CV 20-2755 (JMV), at *3 (D.N.J. 2021) ("The JPML is considering whether to transfer and centralize 20 [related cases], including this one. It would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time that the JPML is considering whether transfer and centralization is appropriate."); *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, 2013 WL 1397434, at *4 (M.D. Pa. 2013) ("[I]t would be a waste of judicial resources to proceed . . . when the JPML is considering the consolidation of 17 identical cases . . . . [O]ne court should adjudicate the uniform jurisdictional issues presented in these cases . . . ."). Recognizing this reality, at least seven district courts have continued stays or denied Pfizer's transfer motions in the Related Actions.[2]

---

[1] Further, it is likely that the JMPL will consolidate and transfer the cases. The twelve plaintiffs that participated in the Transfer Motion briefing support consolidation and transfer. Additionally, the JPML recently created four similar MDLs concerning recalls of pharmaceutical products due to nitrosamine contamination, including one in the District of New Jersey, and two in the Southern District of Florida.

[2] *See* Order, *Daniel Spence v. Pfizer, Inc.*, No. 21-C-6324 (N.D. Ill. Oct. 10, 2022) (D.E. 15), and October 5, 2022 Status Conference Hearing Transcript, attached as composite **Exhibit A** (staying case pending JPML decision); Docket Order, *Baptiste v. Pfizer, Inc.*, No. 2:22-cv-03647 (E.D. Pa. Nov. 4, 2022) (D.E. 9) (denying without prejudice Pfizer's Motion to Transfer), attached as **Exhibit B**; Order Denying Motion to Temporarily Lift Stay, *Seely v. Pfizer, Inc.*, No. 21-cv-07892 (N.D. Cal. Nov., 4, 2022) (D.E. 25) (denying Pfizer's Motion to Temporarily Lift Stay for the Limited Purpose to File a Motion to Transfer), attached as **Exhibit C**; Order, *Edwards v.*

For the good reasons above, MSPRC respectfully requests that the Court keep the MSPRC Action stayed until the JPML issues its ruling on the Transfer Motion. If the Court has any questions, we are available at your convenience.

Respectfully Submitted,

/s/ *Jorge A. Mestre*
JORGE A. MESTRE
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd.,
Suite 1000
Miami, Florida 33134

cc:  All Counsel of Record via ECF

---

*Pfizer*, *Inc*., No. 2:21-cv-04275 (E.D. Pa. Nov. 8, 2022) (D.E. 13) (denying Pfizer's Motion to Temporarily Lift Stay for a Limited Purpose to File a Motion to Transfer), attached as **Exhibit D**; Memorandum and Order, *Evans v. Pfizer, Inc.*, No. 21-cv-1263-DWD (S.D. Ill. Nov. 22, 2022) (denying Pfizer's combined motion to lift stay and motion to transfer), attached as **Exhibit E**; Memorandum Order Denying Motion to Lift Stay, *Duff v. Pfizer, Inc.,* No. 2:21-cv-01350-WSH (W.D. Pa. Nov, 29, 2022) (denying Pfizer's Motion to Temporarily Lift Stay for a Limited Purpose to File a Motion to Transfer) attached as **Exhibit F**; and Memorandum Opinion, *County of Monmouth v. Pfizer, Inc.* No. 2:22-cv-02050-MAS-DEA (D.N.J. Dec. 7, 2022) (granting plaintiff's motion to stay pending JPML's decision) attached as **Exhibit G**.

## **CERTIFICATE OF SERVICE**

I certify that on December 12, 2022, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Jorge A. Mestre